# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ELMER SCHECKEL, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF IOWA, IOWA SUPREME COURT, BUCHANAN COUNTY COURT, <br><br> Defendants. | No. C16-2100-LRR <br><br> ORDER |

This matter is before the court pursuant to the defendants' motion to dismiss (docket no. 7). The defendants filed such motion on September 29, 2016. The plaintiff filed a resistance (docket no. 8) on October 13, 2016. The defendants filed a reply (docket no. 10) on October 24, 2016.

## I. APPLICABLE STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a plaintiff has stated a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, the court must accept all of the plaintiff's factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009). With respect to the facts, "'[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'" *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)); *accord Mulvenon v. Greenwood*, 643 F.3d 653, 656-57 (8th Cir. 2011); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.*, 550 U.S. at 556); *see also Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) ("[A] complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level . . .'" (quoting *Bell Atl.*, 550 U.S. at 555)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

"A motion to dismiss for lack of jurisdiction under [Federal Rule of Civil Procedure 12(b)(1)] which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under [Federal Rule of Civil Procedure 12(b)(6)]." *Mattes v. ABC*

*Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); *see also Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007) (discussing standard of review). The court, however, must address the challenge to subject matter jurisdiction before addressing a defendant's other arguments. *See Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (stating the district court must consider jurisdictional motions first, because a court must find jurisdiction before considering the merits of a claim); *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993) (stating the court should address Fed. R. Civ. P. 12(b)(1) challenge before Fed. R. Civ. P. 12(b)(6) motion).

A pro se party's pleadings are to be liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)); *accord United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014). Liberal construction requires that, "if the essence of an allegation is discernible . . ., then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). "Although pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). Additionally, the court is not permitted to act as counsel to either party. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("A pro se litigant should receive meaningful notice of what is expected of him, but the court is not permitted to act as counsel for either party."). Therefore, the court is not permitted to construct claims on behalf of a pro se party, even though it has a duty to liberally construe his or her pleadings. *Cf. id.*; *Farnsworth v. United States*, 106 Fed. Cl. 513, 518 (Fed. Cl. 2012) (noting that a pro se plaintiff is entitled to liberal construction

of his or her pleadings; however, there is no duty on the part of the court to create a claim which the pro se party has not asserted in his or her pleading). Likewise, the court will not rewrite deficient pleadings to save them. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) ("Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997))); *Dawkins v. Glover*, 308 Fed. App'x 394, 395 (11th Cir. 2009) ("However, [the court] will not act as *de facto* counsel for pro se parties or rewrite a deficient pleading." (formatting omitted)).

## II. ANALYSIS

Having reviewed the record, the court concludes that it is appropriate to dismiss the claims against the defendants for the reasons stated in their briefs. The defendants adequately set forth the law and apply such law to the facts that are set forth in the plaintiff's complaint. Namely, the defendants correctly conclude that: (1) the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and/or the plaintiff's claims are precluded, (2) the court is unable to interfere in ongoing state court matters, (3) the defendants are immune from suit and (4) the plaintiff failed to state a valid federal claim in his complaint.

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court clarified that only it has the authority to entertain a proceeding to reverse or modify a state court judgment. *Id.* at 416; *see also* 28 U.S.C. § 1257(a) (granting only the United States Supreme Court the power to review final judgments rendered by high courts of a state). In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court reaffirmed that federal courts do not have jurisdiction to review final state court judgments in judicial proceedings. *Id.* at 482-86. The Supreme Court concluded that federal district courts lack jurisdiction to review issues that are "inextricably intertwined" with the issues previously decided in a state court proceeding. *Id.* at 486. The two

4

principles have merged to become the *Rooker-Feldman* doctrine, which stands for the proposition that federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state court decisions. *See Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (explaining limited scope of the *Rooker-Feldman* doctrine); *Lemonds v. St. Louis Cty.*, 222 F.3d 488, 493 (8th Cir. 2000) (explaining when a federal claim is inextricably intertwined with a state court judgment).

Here, the plaintiff complains of injuries caused by the judgments that entered against him the Iowa District Court for Buchanan County. The judicial actions attacked in this case were taken in adversary proceedings and within the scope of the color of authority granted to the defendants. Under the *Rooker-Feldman* doctrine, the court lacks subject matter jurisdiction because the plaintiff's allegations of error are "inextricably intertwined" with the issues that were resolved in the state court proceedings. Stated differently, the court lacks the authority to review and reject the state court judgments. It is not possible for the court to grant the requested relief without disrupting the judicial process of the Iowa courts; the plaintiff's recourse, if any, is through the Iowa appellate procedure and, ultimately, a review by the United States Supreme Court. Because the court lacks subject matter jurisdiction, dismissal is appropriate under Federal Rule of Civil Procedure 12.

Alternatively,

> [t]he federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. . . . The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts. Indeed, [under the Full Faith and Credit Statute—28 U.S.C. § 1738, the federal courts must]

> give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.

*Allen v. McCurry*, 449 U.S. 90, 94-96 (1980) (citations omitted); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-94 (2005) (explaining that *Rooker-Feldman* is a jurisdictional doctrine and it does not override or supplant preclusion doctrine). Because the judgments entered against the plaintiff in Iowa, the law of Iowa must be applied. *See United States v. B.H.*, 456 F.3d 813, 816-17 (8th Cir. 2006); *Haberer v. Woodbury Cty.*, 188 F.3d 957, 961 (8th Cir. 1999); *Gross v. Heikien*, 957 F.2d 531, 532 (8th Cir. 1992); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). The doctrine of collateral estoppel, *see Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981) (setting forth prerequisites that must be established before the doctrine of collateral estoppel may be applied), and/or the doctrine of res judicata, *see George v. D.W. Zinser Co.*, 762 N.W.2d 865, 868-69 (Iowa 2009) (discussing what must be established when asserting res judicata), bar the plaintiff from proceeding with his claims in the courts of Iowa. Consequently, the plaintiff is precluded from proceeding here because his claims were or could have been litigated in the Iowa District Court for Buchanan County, where he was afforded a full and fair opportunity to litigate. *Cf. Allen v. McCurry*, 449 U.S. at 94 (stating that, under the doctrine of res judicata, a final judgment on the merits bars parties or their privies from relitigating issues raised or which could have been raised in the prior action); *id*. at 103-05 (collateral estoppel may apply when a plaintiff attempts to relitigate in federal court issues decided against him in state criminal proceedings); *Gross*, 957 F.2d at 532-33 (concluding that issues decided in state post-conviction proceedings are given collateral estoppel effect in subsequent actions under 42 U.S.C. § 1983).

As to the specific nature of the relief that is requested, the court lacks the authority to reverse or review decisions that the Iowa District Court for Buchanan County made. The court is precluded from interfering in the interworkings of a state court in criminal matters because the record does not indicate any improper conduct by the prosecution. *See*

*Sprint Commc'ns, Inc. v. Jacobs*, ___ U.S. ___, ___, 134 S. Ct. 584, 591 (2013) (explaining that *Younger v. Harris*, 401 U.S. 37 (1971), precludes a court from intruding into ongoing state criminal prosecutions); *Zanders v. Swanson*, 573 F.3d 591, 593-95 (8th Cir. 2009) (determining that district court properly abstained from hearing claim because there was no showing of bad faith or other extraordinary circumstances); *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (listing factors to be considered).[1]

Regarding the State of Iowa, the Iowa Supreme Court and the Iowa District Court for Buchanan County, sovereign immunity under the Eleventh Amendment bars a suit brought solely against the state or an agency of the state. *See Brown v. Dep't of Human Servs.*, 451 F. App'x 690, 691 (8th Cir. 2011) (applying Eleventh Amendment), *Morstad v. Dep't of Corr. and Rehab.*, 147 F.3d 741, 743-44 (8th Cir. 1998) (same); *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (per curiam) (same). And, to the extent that the plaintiff believes the State of Iowa, the Iowa Supreme Court and the Iowa District Court for Buchanan County are subject to suit under 42 U.S.C. § 1983, the plaintiff cannot proceed any further against the State of Iowa, the Iowa Supreme Court and the Iowa District Court for Buchanan County because a "person" does not include states or their political subdivisions. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71 (1989) (holding that a state and its agencies are not "persons" within the meaning of 42 U.S.C. § 1983); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (making clear that a claim for damages under 42 U.S.C. § 1983 may not be asserted against a state or an arm of the state). Accordingly, the plaintiff failed to state a claim upon which relief can be granted.

---

[1] The court notes that a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Thus, the plaintiff may not seek damages based on valid convictions.

Further, the other defendants are not subject to suit. A judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996). Most of the defendants performed as judges. Accordingly, the plaintiff's action against them fails to state a claim upon which relief can be granted. Similarly, a prosecutor is immune from civil rights claims that are based on actions taken in the performance of his or her prosecutorial duties. *See Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); *Robinson v. Freeze*, 15 F.3d 107, 108-09 (8th Cir. 1994); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992). The prosecutor that the plaintiff identifies in his complaint presented the State's case, and the prosecutor's conduct is intimately associated with the judicial phase of the criminal proceedings. Accordingly, the plaintiff's action against the prosecutor fails to state a claim upon which relief can be granted.[2]

Lastly, although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v.*

---

[2] The court notes that: (1) the applicable statute of limitations is the period governing personal injury actions, *see Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005) (reaffirming that the statute of limitations for a 42 U.S.C. § 1983 claim is generally the applicable state-law period for personal-injury torts); *Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's personal injury statute of limitations to actions brought under 42 U.S.C. § 1983), (2) in Iowa, the statute of limitations for personal injury actions is two years after accrual, *see* Iowa Code § 614.1(2), and (3) a cause of action accrues when the plaintiff knows or has reason to know of the harm, *see Hall v. Elrod*, 399 F. App'x 136, 137 (8th Cir. 2010) (citing *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007), for the proposition that a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action).

*Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). The plaintiff's pleading does not comply with the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. P. 8; Fed. R. Civ. P. 10. Stated differently, the plaintiff's complaint fails to allege facts that support each individual's personal involvement in or responsibility for the harm that he suffered. *See Stewart v. Baker*, 360 F. App'x 696, 697 (8th Cir. 2010) (stating that a plaintiff must allege in his or her complaint that a defendant was personally involved with or had direct responsibility for the incident that injured him or her) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999)); *accord Gully v. Maynard*, 218 F. App'x 551, 552 (8th Cir. 2007) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (requiring personal involvement or responsibility for a constitutional violation). Merely listing federal provisions and/or statutes is not sufficient to state a claim upon which relief can be granted.

Based on the foregoing, it is clear that the court lacks subject matter jurisdiction. Moreover, the plaintiff's claims are meritless, frivolous and/or malicious. Because the court lacks subject matter jurisdiction and the plaintiff's claims are not plausible, dismissal is appropriate under Federal Rule of Civil Procedure 12.[3] Accordingly, the motion to

---

[3] To the extent that the plaintiff is attempting to assert state-law claims, the court declines to exercise supplemental jurisdiction. *See Brown v. Peterson*, 156 F. App'x 870, 871 (8th Cir. 2005) (concluding that the decision to exercise supplemental jurisdiction over state-law claim is discretionary); *see also McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (indicating that subsection (c) of 28 U.S.C. § 1367 clearly gives a court discretion to reject jurisdiction over supplemental claims). In light of the court's review of the plaintiff's federal claims and the plaintiff's statement as to the basis for the court's jurisdiction, there is no reason to retain jurisdiction over supplemental claims, if any, that the plaintiff desires to pursue.

dismiss (docket no. 7) is granted.[4] The clerk's office is directed to enter judgment in favor of the defendants.

**IT IS SO ORDERED**.

**DATED** this 27th day of October, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[4] The defendants observe that the plaintiff failed to serve the prosecutor. The court concludes that the prosecutor is entitled to benefit from the defendants' dispositive motion because the controlling issues would be the same for the unserved defendant, the controlling issues have been briefed and the plaintiff had a full and fair opportunity to address the controlling issues. *See Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008); *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1308 (Fed. Cir. 2007); *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802-03 (9th Cir. 1995); *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992).